**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Kenneth Paul Krupp,

Plaintiff,

v.

United States Government,
State of Minnesota, Hennepin
County, City of Minneapolis,

Defendants.

**MEMORANDUMOPINION AND ORDER**
Civil No. 01-1037 ADM/SRN

---

Kenneth Paul Krupp, *pro se*.

Lonnie F. Bryan, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Defendant United States of America.

Jennifer K. Park, Assistant Attorney General, St. Paul, MN, on behalf of the Defendant State of Minnesota.

Toni A. Beitz, Senior Assistant County Attorney, Minneapolis, MN, on behalf of the Defendant Hennepin County.

Scott Reeves, Assistant City Attorney, Minneapolis, MN, on behalf of the Defendant City of Minneapolis.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Defendants' Motions to Dismiss [Doc. Nos. 4, 7, 9, & 11] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. All Defendants allege that Plaintiff has failed to state a claim upon which relief can be granted and state various grounds in their memoranda to support this assertion. *See* Mems. In Supp. [Doc. Nos. 5, 8, 10, & 12]. Plaintiff did not respond to

OCT 1 6 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Defendants' Motions. For the reasons set forth below, Defendants' Motions to Dismiss for failure to state a claim are granted.

## II. BACKGROUND

In June of 2001, Plaintiff filed a complaint alleging a violation of his rights by all levels of government [Doc. No. 1]. In a letter attached to the complaint, Plaintiff alleged that the following claims were applicable to his case: two wrongful commitments, attempted murder, conspiracy to commit murder, obstruction of justice, general discrimination, violation of his privacy, criminal negligence, welfare and medical fraud, postal fraud, violations of the Civil Rights and Human Rights Acts, burglary, and car theft. Plaintiff sent a letter to all of the named Defendants, requesting an investigation of crimes committed through the use of "telepathic telecommunications." According to Plaintiff, "telepathic telecommunications" involve the recording of brain waves by a "memory recorder," which then transmits these thoughts, via satellite, throughout the world. Plaintiff claims that he is a victim of "telepathic telecommunications."

## III. DISCUSSION

Defendants assert that Plaintiff failed to state a claim upon which relief can be granted and seek to dismiss the claim pursuant to Fed. R. Civ .P. 12(b)(6) [Doc. Nos. 4, 7, 9, & 11]. A claim should not be dismissed unless it is clear that Plaintiff cannot recover under any provable set of facts in support of his claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In drafting a complaint, Plaintiff must provide a short and plain statement that provides fair notice of the nature of the claim and the relief sought. *Id.* at 47; Fed. R. Civ. P. 8(a). At a minimum, the complaint must allege facts that state a claim as a matter of law and that are not conclusory. *Frey*

*v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). Nevertheless, a court should liberally construe a *pro se* complaint when considering a motion to dismiss. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

In *White v. United States*, the Eighth Circuit reviewed a complaint that vaguely alleged a criminal act without any factual background. 588 F.2d 650, 651 (8th Cir. 1978). The Plaintiff submitted additional documents that the Court considered as cryptic as the complaint. *Id.* The Court found that, even under the most liberal of standards, nothing in the complaint approximated a short and plain statement or a claim upon which relief could be granted. *Id.*

Plaintiff's complaint generally states that his rights "are being violated and ignored" [Doc. No. 1]. The documents attached to his claim do not provide additional detail and instead describe a "telepathic telecommunications" conspiracy. While the letter to the undersigned Judge lists several applicable grounds, there is no factual support and the assertions are conclusory. *See Frey,* 44 F.3d at 671. Plaintiff's complaint does not allege a short and plain statement that suffices to provide fair notice of the nature of the claim or of the relief sought. *See Conley*, 355 U.S. at 47; Fed. R. Civ. P. 8(a). Furthermore, the complaint does not contain any conceivable set of facts upon which a claim for relief could be stated as a matter of law. *See Conley*, 355 U.S. at 45-46.

Moreover, the suit is barred against the Defendants for various other reasons. First, the Attorney General does not have a duty to investigate a practice, telepathy, that is not regulated by any law. *See Gant v. F.B.I.*, 992 F.Supp. 846, 848 (S.D. W.Va. 1998). Any duty the Attorney General may have is not contingent upon the insistence of private parties. *See Dacey v. Dorsey*, 568 F.2d 275, 277 (2d Cir. 1978). The Communications Satellite Act of 1962 vests the Attorney

General with the right to request equitable relief; it does not confer such authority on private parties. *See* 47 U.S.C. §743(a). Finally, the suit is barred against the State of Minnesota because the Eleventh Amendment bars suits against unconsenting states in federal court. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984).

## IV. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. Nos. 4, 7, 9, & 11] are **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: October 16, 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

FORMS\APPEALNO.CIV
Rev. August 11, 1995